IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OPTIV SECURITY INC., | § § § | |
| *Plaintiff,* | § § | SA-20-CV-01273-ESC |
| vs. | § § § | |
| IHEARTMEDIA MANAGEMENT SERVICES, INC., | § § § § | |
| *Defendant.* | § § | |

# **ORDER**

Before the Court in the above-styled cause of action is iHeart's Motion for Two-Week Extension of Time to File Third Party Complaint in this Matter [#33]. By its motion, Defendant iHeartMedia Management Services, Inc. ("iHeart"), asks the Court to approve a two-week extension of the existing April 5, 2021 deadline for the parties to file motions to amend or supplement pleadings or to join additional parties. iHeart wishes to file a third-party complaint and needs additional time to perform due diligence to determine the proper party to name as a third-party defendant.

iHeart's motion is a request to amend the Court's Scheduling Order in this case. Amendment of a scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). Plaintiff Optiv Security, Inc. ("Optiv"), opposes the motion, arguing that iHeart has failed to show good cause for amending the Scheduling Order. The Court agrees and will deny iHeart's motion.

iHeart has failed to demonstrate good cause for the requested additional time to file a motion for leave to file a third-party complaint for two reasons. First, iHeart has not provided the Court with a sufficient explanation for its failure to meet the existing April 5, 2021 deadline

to file a motion for leave to file amended pleadings or to add additional parties. Optiv filed this lawsuit in October 2020. In anticipation of the Court's initial pretrial conference, the parties filed their joint Rule 26 report on February 12, 2021, in which they indicated that iHeart anticipated filing a third-party complaint against Symantec "no later than February 26, 2021." (Rule 26 Report [#22] at 1.) The Court held its initial pretrial conference on February 24, 2021, after which it entered a Scheduling Order imposing the April 5, 2021 deadline to amend pleadings. This Scheduling Order sets forth a fairly accelerated schedule for resolving all pretrial matters—a schedule jointly proposed by both Optiv and iHeart—with a discovery deadline of July 30, 2021, and a dispositive motions deadline of August 30, 2021. Governed by this schedule, the parties could anticipate trying this case as early as November 2021, just over one year after the case was filed.

iHeart's motion explains that it is awaiting information in response to a demand sent to Norton Life Lock, one of the potential third-party defendants, to determine whether Norton Life Lock or Symantec is the proper party to name in the third-party complaint. iHeart states in its motion that it expects critical information from Norton Life Lock within the week. Although iHeart's requested extension is modest, permitting the filing of a late motion to file a third-party complaint would significantly delay the resolution of the primary dispute between the original two parties to this action. After service of the third-party complaint, the case would require a new scheduling order that would inevitably place the parties on a much slower timeline and push the trial date well into 2022.

iHeart indisputably knew about Symantec's relationship to the parties' dispute well before this lawsuit was filed. Optiv's Complaint contains numerous allegations related to Symantec in recounting the factual background of the parties' business relationship. iHeart

offers the Court no explanation why it waited until February 2021, four months after this lawsuit was filed, to send demand letters to Symantec, Broadcom, and Norton Life Lock in an attempt to discern the proper third-party defendant.  iHeart has not established good cause for its delay—delay that, if excused, would cause tangible prejudice to Optiv.

Secondly, and more importantly, the Court will deny the request for an amendment of the Scheduling Order  because the Court would ultimately deny iHeart's request for leave to file the desired third-party complaint.  Rule 14 requires a third-party plaintiff to obtain leave to file a third-party complaint if the complaint is filed more than 14 days after the third-party plaintiff served its original answer.  Fed. R. Civ. P. 14(a)(1).  iHeart filed its answer on January 11, 2021, and would therefore be required to seek leave of court before filing its third-party complaint under both Rule 14 and the Scheduling Order governing this case.

This Court is afforded "wide discretion" in determining whether to permit third-party procedure.  *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 183 (5th Cir. 1984).  Rule 14 permits the filing of a complaint against a third-party defendant "who is liable or may be liable to it for all of part of the claim against it."  Fed. R. Civ. P. 14(a)(1).  There must be a "direct line of liability" between the proposed third-party and the party seeking impleader.  *Martinez v. Werner Enters., Inc.*, No. DR-16-CV-0185-AM-VRG, 2017 WL 11221247, at *2 (W.D. Tex. May 15, 2017) (quoting *Moorhead Const. Co., Inc. v. City of Grand Forks*, 508 F.2d 1008, 1012 (8th Cir. 1975)).  This Court may also consider whether adding third-parties to the litigation would cause "inordinate cost and delay" to the existing parties.  *Essex Ins. Co. v. Rashid Nutrition, Inc.*, No. A-07-CA-808-LY, 2008 WL 11416965, at *2 (W.D. Tex. Sept. 17, 2008) (quoting *Lopez de Robinson v. United States*, 162 F.R.D. 256, 260 (D.P.R. 1995)).

Given the circumstances of this case, the better course of action is to decline to exercise discretion to permit the third-party complaint. This is a straightforward breach-of-contract action between iHeart and Optiv regarding a Master Agreement governing Optiv's delivery of cybersecurity products and services to iHeart. iHeart has counterclaimed against Optiv, and there is a motion to dismiss the counterclaims currently pending before the Court.

The proposed third party, Symantec, is a third-party provider of managed services that were resold by Optiv to iHeart. Optiv alleges that it sold iHeart three years of Symantec managed services for $1,200,000, and Optiv and iHeart entered into the Master Agreement at issue in this suit. According to Optiv's Complaint, Optiv performed all of its obligations pursuant to the Master Agreement, but iHeart refused to pay the 2020 invoice issued by Optiv. Optiv alleges that, on information and belief, iHeart refuses to pay the invoice because it is dissatisfied with Symantec's performance of the managed services at issue. Yet Optiv alleges that it is not liable for any aspect of Symantec's performance and that the terms of Symantec's agreement with iHeart are set forth in a separate Master Terms of Use Agreement, to which Optiv is not a party.

The primary issue in this case between Optiv and iHeart is whether iHeart's purported dissatisfaction with Symantec's performance is a valid excuse for non-payment under the Master Agreement between iHeart and Optiv. iHeart's potential claims against Symantec or some other party that has acquired Symantec's contract are separate and independent from Optiv and iHeart's claims against each other arising from their own contractual relationship. Although there may be "a direct line of liability" between the proposed third-party and iHeart related to the primary dispute, the Court declines to exercise its discretion to permit impleader in this case. The addition of iHeart's claims against a third party would add significant complexity to an

otherwise straightforward breach-of-contract action and substantially delay the resolution of this case. If iHeart wishes to pursue its claims for breach of contract against Symantec and/or Norton Life Lock, it may file a separate lawsuit to do so.

**IT IS THEREFORE ORDERED** that iHeart's Motion for Two-Week Extension of Time to File Third Party Complaint in this Matter [#33] is **DENIED**.

SIGNED this 14th day of April, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE